+           CASE 5-21-cv-742-FB-ESC           +

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION
§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

FAIRMONT-IMANUEL BANKHOUSE,

*Plaintiff,*

*v.*

All administrative-machinery and property, instrumental to entities, agents and persons of the UNITED STATES POSTAL SERVICE—all foregoing people, things and machinery, directly or indirectly, withholding mail from 8568 State Highway 80, Leesville, Texas 78122,

*in rem*;

A public Leesville, Texas post office,

*in rem*;

Postal code 78122, its public instrumental mail-delivery apparatuses and administrative-machinery,

*in rem*;

UNITED STATES OF AMERICA,

*through the aforegoing Defendants,*

*Defendants.*

---

### PLAINTIFF'S FIRST AMENDED PETITION FOR EQUITABLE RELIEF, REMEDYING THE INJURIES AND DAMAGES OF THE UNITED STATES POSTAL SERVICE AT-LARGE—OR OTHER WAYS, MEANS AND MACHINERY—WITHHOLDING MAIL FROM: THE HOUSEHOLD OF 8568 SH 80, LEESVILLE, TEXAS 78122

---

*Amended as rightfully entitled*
*by FRCP Rule 15, within said time limits.*

### i. Controlling Questions of Law and Equity

### 1. Plaintiff's Injuries

When styled Defendants withhold public mail from the proper address of the household of styled Plaintiff, what injuries are occurring under equity and the law?

### 2. Plaintiff's Damages

Is a serviceable public mailbox to the proper address of said household a grantable remedy for styled Plaintiff's damages? *Is Plaintiff entitled to nominal damages from Defendants*?

\*      \*

MAY IT PLEASE THE COURT to answer these questions or further with judgement. May these be amended as needed.

\*     \*     \*

## I. Plaintiff's Gross Statement of Claim and Facts

I, FAIRMONT-IMANUEL BANKHOUSE, Plaintiff herein, so complaining of injuries to this Court's powers in-equity, its jurisprudence and discretion; the damages sought from Defendants, so-styled, are within the jurisdictional limits of the Court. I also generally complain of my foregoing injuries and damages (especially nominal damages) under *Uzuegbunam v. Preczewski*, 592 U.S. ___ (2021).

I am claiming violations of my United States constitutional rights *in general*, especially of injuries and damages, as described in Article III of the U.S. Constitution. Especially by those Defendants being property, environs and machinery of the UNITED STATES POSTAL SERVICE, and a Leesville, Texas post office, in rem;

Most specifically:

Defendant-1

All administrative-machinery and property, instrumental to entities, agents and persons of the UNITED STATES POSTAL SERVICE—all foregoing people, things and machinery, directly or indirectly, withholding mail from 8568 State Highway 80, Leesville, Texas 78122, in rem.

Defendant-2

A public Leesville, Texas post office, in rem.

Defendant-3

Postal code 78122, its public instrumental mail-delivery apparatuses and administrative-machinery, in rem.

Defendant-4

UNITED STATES OF AMERICA, through the aforegoing Defendants.

\*      \*

Serviceable agents of Defendants-at-large will be determined by oral hearing or court order.


### 1. Public Mail Unconstitutionally and Injuriously Denied

In violation of my  general constitutional and lawful rights:

United States mail to my lawful and real address at—8568 State Highway 80, Leesville, Texas 78122—is being injuriously withheld, from such proper address and its persons, by Defendants of the United States Postal Service, especially its post office in Leesville, Texas, in rem. Such applicable jurisdiction is so placed on record herein, especially Gonzales County.


The deficits and causes of damages presently exist, continue to mount and so accumulate, from the unrelenting injuries of being unable to receive public mail at my proper address. I request leave to amend to further specify my requested relief. May emergency relief be considered by the Court.

2

This cause of action is highly injurious and damaging; by such gross violation I hereby pursue all applicable remedy and relief in equity.

*The value of damages and remedies in-equity exceeds any required amount in-controversy*, and shall be proven and detailed upon the Court's demand. I so request the applicable leave to amend.

*I seek nominal damages, all possible damages and non-monetary relief; I demand judgment for all the other relief to which I deem myself entitled.* If a jury is present to determine monetary damages, in such alternative, I seek monetary relief over $1,000,000 without limit.

*       *

I reserve the right to amend and request a jury trial for applicable monetary damages and costs, so perfecting such a request at that time.

### 3. Amount In-Controversy: Requested Damages

*A direct, true and bona fide USPS-deliverable mailbox for my address—8568 State Highway 80, Leesville, Texas 78122—will suffice as damages and remedy, if so ordered by the Court. As well as relevant nominal damages.*

May the amount in-controversy be found in this section herein, again, so requesting respective leave to amend as required.

### 4

I have placed prior complaints with the United States Postal Service and relevant machinery. Copies of recent written complaints may be placed in discovery upon request. Verbal requests to have mail received at our address have been made and have been consistently known by the Leesville Post Office.

Fair notice has been provided to Defendants; the amount of mail denied to my proper address is without relent and moderation in its injury, as the negligence and recklessness over the mismanagement of my

household's mail continues. The Defendants act in impunity as they lay upon their daily injury to my household, since I acquired my present Gonzales County household in late-2018, while I now have a complete and present cause of action, just recently realizing the fullest-extent of my continual injuries regarding my household and the mail system. Production by Defendants shall demonstrate further. Witnesses and evidence are presently and readily available. *No sense of the current irregularity of mail service in Leesville, Texas has been lost to history, in any amount or quantity.* The complaints against Leesville, Texas mail by locals indefinitely continue.

The Defendants continue to injure me in complete knowledge of the damages they cause to mount. The USPS can produce relevant discovery, as its ways-and-means so continue to injure my person in such knowledge.

### 5. Hearing Requested to Adequately Serve Defendants

May adequate and lawful service of Defendants, especially those in rem, be determined by oral hearing or court order, so requested herein.

## II. Real Controversy with Real Impact

My personal home address being unable to receive mail from the USPS public service, that service having claimed a de facto national monopoly on all regular physical documents and notices, as well as the cheapest method of parcel delivery, is unconscionable and manifestly injurious. The lack of delivery of public notice and service is an obstruction upon a primary easement to my home.

Every real home has a presumed easement of mail and notices directed to it. *This is black-letter law.* Public mail to one's own home, as assumed easement, may be described as *an established lien against the whole world, <u>a sacred and ancient lien</u>* so ordering all of the world to deliver reasonable local, interstate and international commerce to every real house or its proper name; as well as allowing basic notice and service of notice to its persons and their property. Even diplomacy or orderly-seizure, in times of local, national or international war, are impossible without public mail or notice being directed to proper and real addresses, especially of a subject household.

*    *

Even if the U.S. Army sought to quickly seize my home during times of calamity, it would usually have the courtesy of serving a notice of action directly to my actual door. It would not use unintelligible, esoteric, remote, arbitrary or capricious means to begin its imposition of martial law. It would serve real mail or real messages to my door, or at least its proper name and address. The Defendants for whatever reason hold themselves lower in rank than non-professional, simple-minded infantry and soldiers, in their ability to recognize and serve my home. My home is in a state less than civilized, as imposed by Defendants.

My home exists in a state that may be argued as worse than a disaster and martial-law, without proper and regular mail. Defendants are attempting to knowingly impose a second-world or third-world state of poverty upon my home, so disconnected from the generic amenities and plain leisure as an addressable place in the world, damages so summarily described.

1

Notice of election and legal-action could now be easily missed (and may have been), as persons are generally expected to be served upon their real and actual home; not a box removed from their proper persons and residence.


The damages of being unable to receive all manner of international notices, national notices, tax notices, court notices, jury summons, checks or credit cards, at the real address of my home is an obviously real controversy, and the impact of the causing injuries are obviously real and manifest. May I be able to amend this section with further detail.


2

Any reasonable person would find being unable to receive important notices and effects at home, including life-saving prescription drugs at home, unlawful; especially if the cheapest USPS price is not given.

It is a real and impactful controversy that I must use private couriers, or a remote address instead, when the USPS will not serve my home address, unlike the households of the majority of people in this country. These obvious accumulations of unresolved damages can be further accounted for upon request.

## III. Real Persons

My wife Tina Mailhot-Roberge and myself, Fairmont-Imanuel Bankhouse, are real residents of 8568 State Highway 80, Leesville, Texas 78122. We are personally impacted by this real controversy. Tina Mailhot-Roberge is a witness, and potential Plaintiff, to this cause of action.

## IV. Plaintiff's First Amendment Right to Receive Mail

In 2019, the U.S. Court of Appeals for the Eighth Circuit, styled *Rico Benton v. Wendy Kelly*, Honorable Circuit Judges WOLLMAN, BENTON and KOBES, so held a "*First Amendment right to receive mail*" can be violated by a defendant.

That case cited *Wedemeier v. City of Ballwin*, also of the 8th Circuit in 1991, establishing *"customs [can] cause violation of constitutional rights" especially of a liable "public entity."* The Defendants here can be found to be sufficiently public, in relevant dimensions; especially liable in all others.

According to authoritative precedent, obviously the local mail customs regarding my home are violating my constitutional rights, with mail to my real address being a clear U.S. constitutional right under the First Amendment.

See also: *Weiler v. Purkett* (8th Cir. 1998, en banc); *"[Individuals] have First Amendment right to receive mail…" Kaden v. Slykhuis* (8th Cir. 2011, per curiam); *"[A]llegation that mail was withheld constituted injury and was sufficient to state claim for violation of First Amendment right to receive mail."*

May my injuries be so stated. May the respective damages of such injuries be properly remedied.

### 1. U.S. Supreme Court Precedent

The decision to withhold delivery of mail must be accompanied by safeguards against arbitrariness or error, according to *Procunier v. Martinez*, 416 U.S. 396 (1974), as prescribed by the U.S. Supreme Court. *Defendants have so failed.*

The U.S. Supreme Court held that obstructing "direct personal correspondence" involves "restrictions on the right to free speech of…correspondents." *Clearly Defendants cause such trespass and injury.*

Under this standard, court invalidation and remedy of the custom of withholding mail was held as correct.

See:

*Lamont v. Postmaster General*, 381 U.S. 301 (1965), "[it] is unconstitutional [to impose] on the [mail] addressee an affirmative obligation which amounts to an unconstitutional limitation of his rights under the First Amendment."

"It is now well established that the Constitution protects the right to receive information and ideas...This freedom [of speech and press]...necessarily protects the right to receive." *Martin v. City of Struthers*, 319 U.S. 141, 319 U.S. 143 (1943)

"In a variety of contexts, [the U.S. Supreme Court] has referred to a First Amendment right to 'receive information and ideas.'" *Kleindienst v. Mandel*, 408 U.S. 753 (1972).

"It is the purpose of the First Amendment to preserve an uninhibited marketplace of ideas in which truth will ultimately prevail...It is the right of the public to receive suitable access to social, political, esthetic, moral, and other ideas and experiences...That right may not constitutionally be abridged…" *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 395 U.S. 386-390 (1969)

## V. Plaintiff's Fourteenth Amendment Rights

As stated in *Procunier v. Martinez*, *supra*, the addressee as well as the sender of direct personal correspondence derives from the First and

Fourteenth Amendments, of the U.S. Constitution; a protection against unjustified government interference with communication, including public mail. *The Defendant in its governmental capacity so fails here as well.* Again see *Martin v. City of Struthers*, 319 U.S. 141 (1943), *supra*.

## VI. Supplemental Injury-1

The Defendants, so continually withholding mail from my personal home address (8568 State Highway 80, Leesville, Texas 78122), are injuring me at this instant (Also see ECF No. 16) by not allowing me to receive this Court's notices and Court-paraphernalia to such personal home address, nor at-minimum, allowing the constitutional-right, option and choice to have such mailed Court-notice delivered to such personal home address.

This injury was proximately caused (and continuing) when I was coerced and forced to cope as a pro-se litigant and exhaust this Court's resources, at a duressed-pace, to acquire electronic-service privileges. See ECF Nos. 3 and 5-7. I was forced to quickly avoid the injury of having to use my remaining reliable and regular mailing address: "125

Cedar Elm Lane…" See Plaintiff's signature-blocks, id. This address is a nominal mailing address and a last-resort. Embarrassingly enough, this is my parent's address which I had wished to permanently vacate as my mailing address nearly 8 years ago, as I had left their home and got married in Montreal, Quebec, Canada.

1

Nonetheless, my injuries in this case are aggravated and I am forced to spend over $20.00 in fuel and vehicular wear-and-tear to acquire my mail at an address now foreign to my actual home address, over 100 miles away and back. Then I am so forced to waste over 3 hours of time, that I could easily bill for work. Rather, I must bear my injuries, swallow my costs and spend said hours, instead, towards acquiring Court mail and USPS "Green Cards" for this case (ECF No. 15): All because Defendants withhold mail from my personal home address, so injuring my ability to freely enjoy my constitutional-right to mail, Court notices, Court-related receipts and Court-paraphernalia at my true personal home address, especially regarding this case.

2

My father and mother directly witnessed this supplemental injury ("Household of Brian & Rida Ortego," signature-blocks, supra); they forcibly bear the burden and costs of managing my mail, that I cannot receive personally due to my injuries in this case. They are entitled to charge these costs to me, begetting ever further injury.


\*     \*     \*

ALL PREMISES CONSIDERED, I pray the Court grants me the relief of a proximate and public, USPS mailbox that receives all mail for my personal address: 8568 State Highway 80, Leesville, Texas 78122, through its orders.


Again, I just want a working USPS mailbox or mailbox cluster for my home address, like any other citizen under equal protections. May the Court grant it to me.


In supplement (Again see ECF No. 16, *supra*), I also pray that the Court awards me nominal damages for the above-stated injury of my

constitutional-right to receive mail, especially relating to mailed Court notices, Court-paraphernalia and relevant receipts to my home address, especially regarding this instant case. Most specifically, all-encompassing, I pray that the Court awards me the proper nominal damages for all applicable violations of my constitutional-rights by Defendants under *Uzuegbunam v. Preczewski*, 592 U.S. ___ (2021) and Article III of the U.S. Constitution.

I declare and verify under penalty of perjury that the above is true and correct.                              Executed on August 27, 2021,

/s/ FAIRMONT-IMANUEL BANKHOUSE
*Plaintiff in-person*

fibankhouse@gmail.com
Text: (512) 666-7248
125 Cedar Elm Lane, Georgetown, Texas 78633

## CERTIFICATE OF PLAINTIFF'S INVITATION TO RECEIVE COMMUNICATIONS FROM PROSPECTIVE COUNSEL

Plaintiff certifies:

Solicitation by pro-bono attorneys allowed, requested & permitted:

I am open to receiving free, no-charge offers from licensed attorneys; reasonable contingency arrangements will be considered for the award of monetary damages.

Please email me your no-cost offers to become my counsel for this case at fibankhouse@gmail.com.

/s/ FAIRMONT-IMANUEL BANKHOUSE

## CERTIFICATE OF SERVICE

The parties of this case have been served this document by electronic-means. Alternatively, by first-class mail or other means.

/s/ FAIRMONT-IMANUEL BANKHOUSE