+                                           CASE 5-21-cv-742-FB-ESC                                   +

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

FAIRMONT-IMANUEL BANKHOUSE,
*Plaintiff,*

v.

UNITED STATES OF AMERICA, et al.,
*Defendants.*

---

### PLAINTIFF'S MEMORANDUM
### OF FIRST AMENDED COMPLAINT

*Briefing the record:*

In Gonzales County, Texas, Plaintiff generally complains that Defendants *violated* his rights, as follows, <u>triable under Article III of the U.S. Constitution</u>:

        I. The <u>First Amendment</u> as described or prescribed in;

1. *Uzuegbunam v. Preczewski*, 592 U.S. \_\_\_ (2021), <u>cited at p. 3 and p. 19</u>

2. "First Amendment right to receive mail" can be violated by a defendant, *Rico Benton v. Wendy Kelley*, No. 19-2580 (8th Cir. 2019) citing *Wedemeier v. City of Ballwin*, 931 F.2d 24 (1991), <u>cited at p. 12-13</u>

3. "[Individuals] have First Amendment right to receive mail…" *Weiler v. Purkett*, 137 F.3d 1047 (8th Cir. 1998), <u>cited at p. 13</u>

Page 1

4. "[A]llegation that mail was withheld constituted injury and was sufficient to state claim for violation of First Amendment right to receive mail."

   *Kaden v. Slykhuis*, 651 F.3d 966 (8th Cir. 2011), cited at p. 13

5. The decision to withhold delivery of mail must be accompanied by safeguards against arbitrariness or error; obstructing "direct personal correspondence" involves "restrictions on the right to free speech of…correspondents."

   *Procunier v. Martinez*, 416 U.S. 396 (1974), cited at p. 14

6. "[It] is unconstitutional [to impose] on the [mail] addressee an affirmative obligation which amounts to an unconstitutional limitation of his rights under the First Amendment."

   *Lamont v. Postmaster General*, 381 U.S. 301 (1965), cited at p. 14

7. "It is now well established that the Constitution protects the right to receive information and ideas…This freedom [of speech and press]…necessarily protects the right to receive."

   *Martin v. City of Struthers*, 319 U.S. 141, 319 U.S. 143 (1943), cited at p. 15

8. "In a variety of contexts, [the U.S. Supreme Court] has referred to a First Amendment right to 'receive information and ideas.'"

   *Kleindienst v. Mandel*, 408 U.S. 753 (1972), cited at p. 15

9. "It is the purpose of the First Amendment to preserve an uninhibited marketplace of ideas in which truth will ultimately prevail…It is the right of the public to receive suitable access to social, political, esthetic, moral, and other ideas and experiences…That right may not constitutionally be abridged…"

*Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 395 U.S. 386-390 (1969), cited at p. 15

II. And the Fourteenth Amendment as described or prescribed in:

1. *Procunier v. Martinez, supra*, also cited at p. 15-16
2. *Martin v. City of Struthers, supra*, also cited at p. 16

III. Complaint is based on this fact:

Defendants withhold public mail from the proper address of the household of Plaintiff (8568 State Highway 80, Leesville, Texas 78122); trivially tried as fact.

Respectfully submitted,

/s/ FAIRMONT-IMANUEL BANKHOUSE
*Plaintiff in-person*

fibankhouse@gmail.com
Text: (512) 666-7248
125 Cedar Elm Lane, Georgetown, Texas 78633
**(NOMINAL ADDRESS)**

## CERTIFICATE OF PLAINTIFF'S INVITATION TO RECEIVE COMMUNICATIONS FROM PROSPECTIVE COUNSEL

Plaintiff certifies:

Solicitation by pro-bono attorneys allowed, requested & permitted:

I am open to receiving free, no-charge offers from licensed attorneys; reasonable contingency arrangements will be considered for the award of monetary damages.

Please email me your no-cost offers to become my counsel for this case at fibankhouse@gmail.com.

/s/ FAIRMONT-IMANUEL BANKHOUSE

## CERTIFICATE OF SERVICE

The parties of this case have been served this document by electronic-means. Alternatively, by first-class mail or other means.

/s/ FAIRMONT-IMANUEL BANKHOUSE